UNITED STATES OF AMERICA

IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP W. WILSON,

       Plaintiff,

-v-                                        Case No. 15-11990

RAINBOW CENTER OF MICHIGAN, INC.,
and HARRIET ALEXANDER, Jointly &
Severally,

       Defendants,

_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joeynlaw@aol.com

<u>Street Address</u>:
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334

_____/

**<u>COMPLAINT AND JURY DEMAND</u>**

      NOW COMES the plaintiff, Philip W. Wilson (hereafter "plaintiff"), by and

through his attorneys, The Niskar Law Firm, PLLC, and in support of his

complaint against the defendants, jointly and severally, hereby states as follows:

## A.  Statement of Jurisdiction

1.    The plaintiff is a resident of the Township of Tipton, County of Lenawee, State of Michigan.

2.    Defendant, Rainbow Center of Michigan, Inc, is a Michigan corporation, with its principal place of business in the County of Wayne, State of Michigan, which regularly and routinely conduct business in, and maintains multiple places of business in the Eastern District of Michigan, including the County of Wayne, State of Michigan.

3.    Defendant, Harriet Alexander (a/k/a George Harriet Alexander), is on information and belief a resident of the State of New York, who regularly and routinely conducts business in, and has regular and routine contacts within the County of Wayne, State of Michigan.

4.    As the defendants reside in and/or regularly conduct business in the County of Wayne, State of Michigan, this Honorable Court possesses personal jurisdiction over the defendants.  Furthermore, the termination of employment at issue in this case was conducted by defendant, Harriet Alexander, inside the County of Wayne, State of Michigan.

5.    Plaintiff alleges violations of the federal False Claims Act, 31 USC § 3730(h) (hereafter "FCA").  Therefore, this Honorable Court possesses subject matter jurisdiction pursuant to 28 USC § 1331 and 31 USC § 3730(h)(2).

6.    This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

7.    The violations of the FCA, the Michigan Medicaid False Claims Act, MCL
      § 400.610c (hereafter "MFCA"), and the Michigan Whistleblower
      Protection Act, MCL § 15.361, *et seq*. (hereafter "WPA") alleged herein
      occurred in whole, or in part, in the County of Wayne, State of Michigan.
      Therefore, venue is proper in the United States District Court for the Eastern
      District of Michigan, Southern Division, pursuant to 28 USC § 1391.

## B.  Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

8.    Defendant, Rainbow Center of Michigan, Inc. (hereafter "RCOM"), owns
      and operates one or more substance abuse and/or methadone treatment
      clinics in the Counties of Wayne and Monroe, in the State of Michigan.

9.    Defendant, Harriet Alexander, is the President and an owner of RCOM.

10.   Plaintiff is a Limited License Psychologist, licensed to practice as such in
      the State of Michigan.

11.   Plaintiff worked for the defendant(s) as a therapist for clients/patients of
      defendant-RCOM.

12.   Defendant-RCOM is a Michigan Medicaid provider which provides
      services to Medicaid recipients, bills Medicaid for services, and is
      reimbursed by Medicaid for its services.

13.   Michigan's Medicaid program is funded, at least in part, by federal funds
      from the United States Government.

14.   Plaintiff began working for the defendant(s) in October of 2014, after

having previously worked for the defendant(s) during the time period of approximately 2011 and 2012. At the time of his termination, plaintiff was working at the defendant(s)' Taylor, Michigan, clinic location.

15. Plaintiff suspected, and believes, that defendant(s) was/were billing Medicaid for services that were not performed, services that were not properly performed, services that were not performed in accordance with Medicaid's requirements, and/or services that could not be billed to Medicaid consistent with Medicaid's requirements (collectively referred to herein as "Medicaid Fraud").

16. Plaintiff attempted to internally address his concerns over the defendant(s)' Medicaid Fraud, but to no avail.

17. Toward the latter portion of March of 2015, plaintiff reported the Medicaid Fraud to the Michigan Department of Health & Human Services (hereafter "the state").

18. Plaintiff subsequently notified the defendants that he reported the Medicaid Fraud to the state. The defendants thus knew that plaintiff made his report of Medicaid Fraud to the state.

19. When plaintiff notified defendant Harriet Alexander of his report of the Medicaid Fraud to the state, Ms. Alexander became noticeably and outwardly angry with plaintiff for making the report.

20. Then, on April 15, 2015, the defendants terminated plaintiff's employment.

21. The defendants terminated plaintiff's employment in whole, or in substantial part, due to his report of the suspected and/or actual Medicaid

Fraud to the state.

## C.  Count I – Violation of the Federal False Claims Act, 31 USC § 3730(h); Retaliatory Discharge

Plaintiff incorporates all prior averments, as if fully set forth herein.

22.    The defendants are each a "person" within the definition and meaning set forth in the Federal False Claims Act, 31 USC § 3729 and 31 USC § 3730.

23.    Plaintiff is an "employee" within definition and meaning set forth in the Federal False Claims Act, 31 USC § 3729 and 31 USC § 3730.

24.    The acts and/or omissions of Medicaid Fraud set forth above constitute the presentation of one or more "false or fraudulent claim(s) for payment or approval" and/or the knowingly making, use and/or causing to be made or used, a false record or statement material to a false or fraudulent claim in violation of 31 USC § 3729.

25.    Plaintiff engaged in efforts to stop one or more violations of the Federal False Claims Act, including his report of the Medicaid Fraud to the state, and his internal report of the Medicaid Fraud.

26.    The defendants had actual and/or constructive knowledge that plaintiff made his report of Medicaid Fraud to the state, and internally made his report of Medicaid Fraud.

27.    The defendants terminated the plaintiff in whole, or substantial part, due to his report(s) of the suspected and/or actual Medicaid Fraud.

28.    The defendants' termination of plaintiff's employment violated 31 USC § 3730(h).

29.    As a direct and proximate result of the defendants' violations of the FCA,

the plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages set forth in 31 USC § 3730(h)(2), including but not limited to lost wages/salary, two times the amount of lost wages/salary, interest on back-pay, non-economic damages including emotional distress and/or mental anguish damages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, other interest available at law, costs of litigation, and attorney fees. Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

30.    In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling the defendants to reinstate plaintiff to her former position, and to retroactively restore plaintiff's seniority and all benefits. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint.

### D.  Count II – Violation of the Michigan Medicaid False Claims Act, MCL § 400.610c; Retaliatory Discharge

Plaintiff incorporates all prior averments, as if fully set forth herein.

31.    The defendants are each a "person" and an "employer" within the definition and meaning set forth in the Michigan Medicaid False Claims Act ("MFCA"), MCL § 400.602(h); and MCL § 400.610c.

32. Plaintiff was an "employee" of the defendants within definition and meaning set forth in the MFCA, MCL § 400.610c.

33. The acts and/or omissions of Medicaid Fraud set forth above constitute the making and/or presenting of one or more "false" and/or "deceptive" claims to the state in violation of MCL § 400.607.

34. Plaintiff initiated, assisted in and/or participated in furtherance of an action under the MFCA, including his report of the Medicaid Fraud to the state.

35. The defendants had actual and/or constructive knowledge that plaintiff made his report of Medicaid Fraud to the state.

36. The defendants terminated the plaintiff in whole, or substantial part, due to his report of the suspected and/or actual Medicaid Fraud to the state.

37. The defendants' termination of plaintiff's employment violated MCL § 400.610c.

38. As a direct and proximate result of the defendant's violations of the MFCA, the plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages set forth in MCL § 400.610c(2), including but not limited to lost wages/salary, two times the amount of lost wages/salary, interest on back-pay, non-economic damages including emotional distress and/or mental anguish damages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, other interest available at law, costs of litigation, and attorney fees.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and

those that will be incurred in the future (including front-pay).

39.    In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling the defendants to reinstate plaintiff to her former position, and to retroactively restore plaintiff's seniority and all benefits.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint.

**E.  Count III – Violation of the Michigan
Whistle-Blowers' Protection Act, MCL § 15.361, *et seq.***

Plaintiff incorporates all prior averments, as if fully set forth herein.

40.    The plaintiff was an "employee" of the defendants within the meaning of MCL § 15.361(a).

41.    The defendants were each an "employer" of the plaintiff within the meaning MCL § 15.361(b).

42.    The defendants owed the plaintiff a duty to comply with the Michigan Whistleblower Protection Act, MCL § 15.361 *et seq*, including the duty to refrain from retaliating against him for engaging in conduct protected under the WPA, to refrain from discriminating against him for engaging in conduct protected under the WPA, to refrain from discharging him for engaging in conduct protected under the WPA, and to refrain from discriminating against the plaintiff in any other way for reporting a violation or suspected violation of the law to a public body such as the Michigan

-8-

Department of Health & Human Services.

43.   The defendants nevertheless violated the WPA by retaliating against the plaintiff as set forth above, by discharging the plaintiff from employment, and by otherwise discriminating against him as a result of the plaintiff having reported a violation and/or suspected violation of the law to a public body such as the Michigan Department of Health & Human Services.

44.   As a direct and proximate result of the defendants' violations of the WPA, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages set forth in MCL § 15.363 and MCL § 15.364, including but not limited to lost wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, non-economic emotional distress and/or mental anguish damages, any incurred medical expenses, interest, costs of litigation and attorney fees.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

45.   In the event the Court determines that front-pay is not an appropriate remedy under the law and/or circumstances of this case, plaintiff alternatively seeks all equitable remedies available under the WPA, including reinstatement into his original position or a substantially equivalent position, restoration of seniority rights and/or opportunities for promotion, a declaration that the defendants have violated the WPA and unlawfully retaliated and discriminated against the plaintiff, the entry of an

-9-

injunctive order prohibiting the defendants from further violations of the
WPA and/or retaliation against plaintiff and others for engaging in protected
activity under the WPA, the entry of an injunctive order providing that the
defendants cannot take any further adverse employment action against the
plaintiff in retaliation for exercising his rights under the WPA, and the entry
of an injunctive order prohibiting the defendants from taking any adverse
employment action against the plaintiff except upon a showing of good
cause.  Even if the Court orders such reinstatement, plaintiff nevertheless is
entitled to recover, and hereby seeks recovery of all other damages listed in
this complaint, including back-pay, non-economic emotional distress and/or
mental anguish damages, the value of lost benefits, consequential damages,
the costs of any medical care, attorney fees, costs, interest, etc.

WHEREFORE the plaintiff respectfully prays for judgment against the
defendants, jointly and severally, for all available non-economic damages and
economic damages cited herein, and those available at law, together with costs,
interest and attorney fees incurred in having to investigate, pursue, litigate,
prosecute and enforce the instant action.  Plaintiff further seeks all exemplary
damages available at law.

THE NISKAR LAW FIRM, PLLC

By: /s/ Joey S. Niskar
JOEY S. NISKAR (P55480)
Attorney for Plaintiff
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
(248) 702-6262
Dated:  June 2, 2015                         E-mail: Joeynlaw@aol.com

UNITED STATES OF AMERICA

IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP W. WILSON,

       Plaintiff,

-v-                                      Case No. 15-11990

RAINBOW CENTER OF MICHIGAN, INC.,
and HARRIET ALEXANDER, Jointly &
Severally,

       Defendants,
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joeynlaw@aol.com

Street Address:
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
_____/

**Demand for Jury Trial**

       The plaintiff, Philip W. Wilson, by and through his attorneys, The Niskar

Law Firm, PLLC, hereby demands a trial by jury on all issues in the instant action.

-11-

Respectfully submitted,

THE NISKAR LAW FIRM, PLLC

By: /s/ Joey S. Niskar
JOEY S. NISKAR (P55480)
Attorney for Plaintiff
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
(248) 702-6262
Dated:  June 2, 2015        E-mail: Joeynlaw@aol.com

-12-